# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRAN L. SAMUEL,<br>CDC #K-87526,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>STEVEN RITTER; R.I. KIM;<br>Dr. HUNT; ROBERT HERNANDEZ;<br>JAMES TILTON; DAVID SMITH,<br><br>　　　　　　　　　　　Defendants. | Civil No.   07-0495 WQH (LSP)<br><br>**ORDER:**<br><br>**(1) DISMISSING CASE WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEES OR MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1914(a) AND 28 U.S.C. § 1915(a)**<br><br>**AND**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1)**<br><br>**[Doc. No. 2]** |

Plaintiff, an inmate currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.   Plaintiff claims that RJD officials have denied him adequate medical care in violation of the Eighth Amendment. (*See* Compl. ¶¶ 13-23.)  Plaintiff requests declarative and injunctive relief as well as compensatory and punitive damages.  (*Id.* at 4-5.)

/ / /

/ / /

### I. Failure to Pay Filing Fee or Request IFP Status

Effective April 9, 2006, any party instituting a civil action, suit or proceeding in a district court of the United States, other than a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Plaintiff has not paid the $350 filing fee required to maintain this civil action, nor has he submitted a motion to proceed IFP pursuant to 28 U.S.C. § 1915(a).

### II. Motion for Appointment of Counsel

Plaintiff also requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless the plaintiff is indigent and may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, the Court must deny Plaintiff's request for two reasons. First, Plaintiff has failed to file a Motion to Proceed IFP, along with a certified copy of his prison trust account activity for the 6-month period immediately preceding the filing of the Complaint and an affidavit sufficient to show he is indigent. *See* 28 U.S.C. § 1915(a) & (b). Second, a preliminary review of Plaintiff's Complaint shows that while he claims to have been classified as developmentally disabled under the Americans with Disabilities Act, he has been able to submit a pleading which adequately articulates a factual and constitutional basis for his inadequate medical treatment

/ / /

claims with the assistance of RJD's Library Technical Assistant. *See* Compl. at 6; *Terrell*, 935 F.2d at 1017.

For these reasons, the Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

### III.  Conclusion and Order

For the reasons set forth above, the Court hereby:

(1)  **DENIES** Plaintiff's Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1) [Doc. No. 2] without prejudice;

(2)  **DISMISSES** this action sua sponte without prejudice for failing to pay the $350 filing fee, or to file a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

(3)  **GRANTS** Plaintiff forty-five (45) days leave from the date this Order is stamped "Filed" to: (a) prepay the entire $350 civil filing fee in full; **or** (b) complete and file the attached "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*" which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b).

**IT IS FURTHER ORDERED** that:

(4)   the Clerk of the Court shall mail the Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*," to Plaintiff along with a copy of this Order. If Plaintiff fails to either prepay the $350 civil filing fee or complete and submit the Motion to Proceed IFP provided to him within forty-five (45) days, this action shall remain dismissed without prejudice and without further Order of the Court.

**IT IS SO ORDERED.**

DATED: April 12, 2007

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge